UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRIAN TODD BOWER ) <br> ) <br> Defendant. ) | Cause No. 4:96-CR-13-02-SEB-MGN |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on August 20, 2010, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender Under Supervision filed with the Court on August 11, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. § § 3401(i) and 3583(e) and (g). All proceedings were held on May 11, 2011, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583. Mr. Bower appeared in person and with CJA Counsel, William Yesowitch. The Government appeared by A. Brant Cook, Assistant United States Attorney. U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583:

1. On May 11, 2011, William Yesowitch, CJA Counsel, was present to represent Mr. Bower in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Bower and his counsel. The Magistrate Judge summarized the alleged violations and, further, Mr. Bower and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Bower was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Bower was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Bower was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Bower was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Bower had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing.

7. Mr. Bower, by counsel, stated his readiness to waive the preliminary hearing and to proceed with the revocation hearing. Mr. Bower then waived, in writing, the preliminary hearing.

8. The parties then advised the Court that they had reached an agreement which they wished to submit to the Court.

The parties stipulated the following in open Court:

    (a)  As to Violation Numbers 1, 4, and 5 of the Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated these conditions.

    (b)  The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve ten (10) months of imprisonment with no term of supervised release to follow.

9. The Court then proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1, 4, and 5 of said Petition. The Court then placed Mr. Bower under oath and inquired of him whether he admitted to the specifications alleged in the Petition for Violation of the Terms of Supervised Release, and Mr. Bower admitted the violations contained in Violation Numbers 1, 4, and 5. The Court specifically inquired of Mr. Bower whether he was making these admissions voluntarily and free from any duress, promises, or undue influence. The Court further advised Mr. Bower that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Bower answered in the affirmative. The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation with regard to Violation Numbers 1, 4, and 5. The violations are summarized as follows:

**Violation Number**    **Nature of Noncompliance**

| | |
|---|---|
| 1 | "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment." |

On August 3, 2010, the probation officer was advised by the homeowner where the offender was residing that the offender had been kicked out of the residence and she did not know the exact address where he was staying. The offender failed to notify the probation he had a change in residence. To date, his whereabouts is unknown.

| | |
|---|---|
| 4 | "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer." |

On August 5, 2010, the probation officer went to the residence of the offender's ex-girlfriend's adult daughter, Heather Cole. Residing in the home is Nicholas Dean, her boyfriend. Dean is currently on probation in Scott County, Indiana, for a felony offense (possession of methamphetamine). The probation officer was told by Dean the offender had been at the residence but was not there currently. Cole advised the offender had stayed at the residence for approximately one week but she had not seen him in about a week. The offender did not seek nor was he granted permission to stay in the same residence as another convicted felon.

| | |
|---|---|
| 5 | "The defendant shall participate in a program of testing and treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer." |

On July 9, 2010, the offender was instructed to contact the treatment provider and schedule his initial appointment for substance abuse counselling. On August 3, 2010, the treatment provider advised the offender had a scheduled appointment for July 29, 2010, but he called and cancelled the appointment stating he had no transportation. He has failed to reschedule the appointment.

10. Based on the information available to the Court, the Court further finds the following:

    1) Mr. Bower has a relevant criminal history category of III. *See,* U.S.S.G. § 7B1.4(a).

2) The most serious grade of violation committed by Mr. Bower constitutes a Grade C violation, pursuant to U.S.S.G. § 7B1.1(b).

3) Pursuant to U.S.S.G. § 7B1.4 upon revocation of supervised release, the range of imprisonment applicable to Mr. Bower is 5-11 months.

4) The appropriate disposition for Mr. Bower's violation of the condition of supervised release is as follows:

 (a) Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1, 4, and 5 of the Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Bower shall be committed to the Bureau of Prisons to serve a term of imprisonment of ten (10) months with no term of supervised release to follow. The Court further finds that the defendant should receive credit from April 14, 2011, for time served.

Counsel for the parties and Mr. Bower entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above

Report and Recommendation revoking Mr. Bower's supervised release.

**IT IS SO RECOMMENDED** this 13th day of May, 2011.

_____
Michael G. Naville, Magistrate Judge
United States District Court


Distribution:

Distribution to:

A. Brant Cook
United States Attorney's Office
brant.cook@usdoj.gov

William Yesowitch
yesowitch@bbalaw.com

U.S. Probation

U.S. Marshal